SUSAN F. PLATT, Respondent, v. ANNIE R. PLATT, Appellant, Impleaded with Others.

*Reference to determine as to the existence of judgments or liens on funds arising from a sale in partition — when a judgment recovered against the executors of the owner will be paid therefrom — interest cannot be charged on an amount advanced from the estate to persons entitled thereto out of the share of such person in the proceeds of sale.*

After an order had been made appointing a referee, to take proof and report the respective amounts which the defendants were entitled to receive of the proceeds arising from sales in three actions of partition, a motion was made for an order directing the referee to take proof of any liens that might be presented to him.

It was stated, in the moving affidavit, that there were liens which it was desirable and advantageous to have proved and brought before the court, but no lien was particularized or described, nor were any facts disclosed indicating the existence of any claim whatever of such a description in favor of any person, or which should justly be included in the hearing before the referee in order to enable him to determine the rights of the parties to the proceeds of the property.

*Held,* that the motion was properly denied on account of the defective condition of the moving papers.

Upon the application of one who had recovered a judgment, against the executors of the deceased owner of the land partitioned, upon a debt due from the deceased, and against a receiver of the estate appointed on the removal of the executors, the referee was empowered to inquire into the existence of such judgment.

*Held,* that the court had power to direct this to be done.

Upon the hearing it appeared that the judgment had been recovered by one De

Grauw, against the executors of Nathan C. Platt, the owner of the real estate partitioned, upon an indebtedness owing by the testator in his lifetime, and that upon this judgment another judgment was recovered against a receiver of the estate appointed after the removal of the executors.

*Held,* that as it appeared that there was no personal estate out of which the judgment could be paid, and that it was recovered upon a debt owing by the testator himself, it was equitably a lien upon his real estate, and upon the fund before the court, and that the creditor had the right to apply for the payment of the judgment out of the proceeds of this property, even though the judgment itself might not, under the statutes of this State, have become a lien upon the testator's real estate.

*Hyde* v. *Tanner* (1 Barb. 75), and *Scott* v. *Guernsey* (48 N. Y. 106) followed.

In determining the respective shares which each of the parties was entitled to receive, the amounts which certain of the parties in interest had received from the estate, previous to the time of the reference, were added by the referee to the aggregate of the funds arising from the sales of the real estate in the three different actions of partition, and charged against the shares of the persons who received the same, with interest thereon from the time of its receipt down to the time of the date of his report.

*Held,* that he erred in charging interest upon the amounts received, as there was no legal grounds upon which it could be computed or charged.

APPEAL by the defendant Annie R. Platt from two orders made on the 29th of May, 1886, denying an application for an order directing the referee to take proof of any liens that might be presented to him, and from an order directing the referee to take proof of judgments, and from an order confirming the report of the referee of the distribution of the proceeds of lands sold in three actions of partition.

*A. J. Vanderpoel,* for the appellant.

*Marsh, Wilson & Wallis* and *Edward S. Clinch,* for the respondent.

DANIELS, J. :

The parties more especially affected by the order, denying the application for an order to direct the referee to take proof of any liens that might be presented to him, are William R. Martin and his assignee, Edwin N. Martin. No such direction as was desired by these persons was contained in the order of reference, made for the purpose of ascertaining and determining the mode in which the moneys should be distributed, which had arisen from the sale of the property affected by the actions in partition. The application

for this order to extend the reference to any liens which might be presented to the referee, was made upon an affidavit of William R. Martin, which failed to authenticate or establish the existence of any lien whatever in his favor, or that of any other person. It was stated in this affidavit that the reference was proceeding to report upon the distributive shares of the parties in the proceeds of the sales of the land, and that there were liens that it was desirable and advantageous should be proved and brought before the court. No lien was particularized or described, neither were any facts disclosed indicating the existence of any claim whatever of such a description in favor of any person, or which should justly be included in the hearing before the referee to determine the rights of the parties to the proceeds of the property. It was on this defective affidavit that the motion was made, and the court was entirely right in denying the order which was applied for because of this condition of the papers.

The other order of the twenty-ninth of May was made upon an affidavit showing that judgments had been recovered which should be considered by the referee in ascertaining the disposition which should be made of the funds arising out of the sale of the property. And the order of reference, on that affidavit, was so far enlarged as to empower the referee to inquire into the existence of such judgments. This order was sufficiently supported by the affidavit produced on the application for it as to render it regular and proper, and the direction which was made by it entered into the hearing before the referee. This order, like the preceding order, should therefore be affirmed.

The order confirming the report of the referee, and directing the distribution which should be made of the funds in court, presents the more important subjects of inquiry arising in this controversy. The fund to be distributed, with interest upon it, amounted to the gross sum of $237,366.07. It consisted of the proceeds of the sale of real estate in three different actions of partition, and as all the parties entitled to participate in the · funds were the same in each case, they were properly aggregated into one gross amount. The property which had been sold to produce this fund was lands owned in his life-time by Nathan C. Platt, and the persons entitled, as devisees under his will, and under the will of one of his sons, to

the proceeds of this property were four in number. These persons, including two others, under whom two of the parties claimed had received amounts of money from the estate previous to the time of the reference and the order made confirming the report of the referee. The amounts which had been so received were added by the referee to the aggregate amount already mentioned, which still remained to be distributed. And in making such additions he seems to have proceeded with accuracy, and as he was directed by the judgment, for what had previously been received was a part of the testator's estate consisting of so much of the share as each party remained entitled still to receive. The other three parties do not contend that the referee erred in this respect. Neither has such a contention been presented in behalf of the appellant Annie R. Platt, so far as these amounts were brought into consideration to determine the distribution which should be made. The several amounts which had been distributed were ascertained and settled by a judgment in the Superior Court of the city of New York, wherein Catherine W. Cooke, one of the devisees of Nathan C. Platt was plaintiff and the other parties in interest and claimants were defendants, and to that extent this judgment appears to have settled the rights and obligations of the parties. But after charging against each one of the shares the amount received by the person charged, the referee proceeded to add to it interest down to the time of the date of his report. The aggregate sum so charged for interest against each of the shares very materially differed according to the amounts which had been received by the person charged, and that charged against the appealing defendant was about three times the amount of interest charged against either one of the other persons entitled to share in the division of these proceeds. This charge of interest was made on the sum of $60,830.90, which had been received by her husband William H. Platt in his life-time, and under whose will she became entitled to his fourth of the proceeds of the property to be divided. The judgment settling the amounts which had been received by each of the claimants did not provide for the addition of interest upon the amounts which had been so received, neither could it have properly contained a direction of that description, for no indebtedness was created against either of these persons as the estate has turned out,

and no obligation whatever existed to refund any portion of the moneys which had been received. These moneys represented so much of the property of Nathan C. Platt which these persons were entitled legally to receive, and they were paid to the different individuals as so much of the share which he or she was entitled to in this estate. And being payments made in that manner they presented no legal grounds upon which interest should be computed or charged. The moneys were to no extent to be returned either at that time or at any time in the future by either of these persons. They may have been subject to the contingency that portions might be recalled if they proved to exceed the shares of the persons receiving the moneys, but no such contingency has appeared. On the other hand, the moneys received by each of the individuals were less in amount than their distributive shares of the proceeds of the testator's property. There was, accordingly, no basis upon which either of these persons should be charged with interest in this manner. And as the interest charged against the appealing defendant, Annie R. Platt, so largely exceeded the interest charged against either of the other persons, this addition of interest secured to them advantages over her which they were not entitled to enjoy in the distribution of these proceeds. To the extent of about $10,000, the three other persons were benefited by this computation, which led to a charge against the appealing defendant to about that amount, over and above what should have been made against her. This will become more obvious by adding the several amounts which had been received upon the four shares in the estate to the proceeds of the property now to be distributed, and dividing that into four equal parts. These parts will represent the extent of the interest of each of the four parties in this estate, securing to the appealing defendant nearly $10,000 over and above the amount awarded as her share. And to this extent the order confirming the referee's report and directing a distribution upon the basis of his computation, including these several interest charges, is erroneous and it should be modified accordingly. This modification can well be made by adding the several amounts necessary to show the principal of the estate to the sum now to be distributed, and then dividing that sum into four equal parts and from the part devised to William H. Platt, deducting the charges made against his widow,

Annie R. Platt, after excluding this interest charge of $15,270.81 contained in the referee's statement of account, and the order should be so modified.

Under the direction given to the referee to inquire as to judgments against the property it was proved before him that a judgment had been recovered by Aaron J. De Grauw against the executors of Nathan C. Platt, upon an indebtedness owing by him in his life-time. They were removed from their offices by a judgment or proceeding taken partly for that purpose, and James M. Smith was appointed the receiver of the estate, and upon the judgment recovered against the executors another judgment was recovered against him as receiver. This was for the sum of $24,414.02 from which, by the application of another demand, the sum of $11,858.28 was deducted, leaving unpaid upon the judgment the sum of $15,651.33. One-quarter of this judgment was charged against the share of Annie R. Platt in the proceeds of this property, and that has been complained of as an erroneous direction sanctioned by the referee and approved by the final order. The correctness of this determination has been questioned upon the ground that the judgment could not be made a charge upon the proceeds of the estate otherwise than by proceeding against the persons receiving such proceeds as devisees. But this objection does not seem to be entitled to be sustained, for it was one of the objects of the court to determine what judgments existed which should be paid out of the fund before it was distributed. And while it has been suggested that the appealing defendant might have legal grounds for contesting the right of the judgment creditor to payment, no such proof was either given or offered upon the hearing before the referee. If there were any legal objections to the payment of the judgment, there was not the slightest obstacle in the way of presenting them upon the hearing before the referee. But no effort was made on that hearing to impeach the judgment or to show that the claimant of the balance remaining unpaid upon it was not entitled to the money.

It was not made to appear that any personal estate of the testator, Nathan C. Platt, remained undistributed, and the facts appearing are such as to justify the conclusion that no such estate did remain, for the fund now in court appears to have been assumed to be all that

was left to dispose of in this proceeding. And as there is no personal estate out of which the judgment could be paid, and it has been recovered upon a debt owing by the testator, Nathan C. Platt himself, it was equitably a lien upon his real estate and the fund now before the court representing it. A point of this nature was considered in *Hyde* v. *Tanner* (1 Barb., 75), where the right of a creditor having such a demand to follow the real estate of the testator was maintained by the court. And that case does not seem to have been questioned or impaired in its authority by any determination since made upon this subject. Under the rule which it maintains the creditor had the right to apply for payment of the judgment out of the proceeds of this property, even though the judgment itself might not, under the statutes of this State, have become a lien upon the testator's real estate. The debt itself was so chargeable without reference to the provisions of the statute cited in support of this part of the appeal, and the court was right, having equitable authority in the action, in providing for its payment as that was done by the order. (*Scott* v. *Guernsey*, 48 N. Y., 106.)

It was proposed to be proved upon the hearing before the referee that William R. Martin, as attorney in the action brought for the recovery of the property, had become entitled to one-half of the amount to be distributed. The referee rejected this proof, and in that he seems to have been justified by the refusal of the court in one of the orders now appealed from to direct the referee to inquire into the existence of any such lien. Beyond that the judgment in the case of *Cooke* v. *Platt* and others was produced and proved before the referee. In that action this claim of William R. Martin was considered, and it was determined by the court to have no legal existence, and for that reason likewise the referee was right in rejecting the proof offered to maintain the existence of this asserted lien or agreement. Neither in this respect, nor in any other except that which has already been considered, does the referee appear to have erred in the conclusions arrived at by him. The final order should be modified by directing the shares of the appealing defendant to be ascertained by excluding the interest charges made and contained in the referee's report, against the amounts received by each of the four persons interested in this estate. And her share should be ascertained and declared according to the amount charge-

able against herself and her husband, excluding this item of interest. And as so modified, this order should be affirmed without costs, but as to the other two orders from which appeals have been taken, they should be affirmed with the usual costs and disbursements.

Davis, P. J., and Brady, J., concurred.

Orders denying applications for orders directing the referee to take proof, etc., affirmed with ten dollars costs and disbursements; and order confirming the referee's report modified as directed in opinion, and as modified affirmed without costs.